UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRANCE MINEAU,

        Plaintiff,

    v.                                  Case No. 21-C-230

CO ABEGGLEN, et al.,

        Defendants.

## ORDER SCREENING THE AMENDED COMPLAINT

Plaintiff Terrance Mineau, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. On May 10, 2021, the Court screened and dismissed the original complaint for failure to state a claim upon which relief can be granted. Dkt. No. 7. Specifically, the Court concluded that (1) Mineau failed to state a claim against Atalie, Cindy, Captain Heidi Michael, Lt. Rhoades, Lt. Schartner, Lyendecker, West, Bergh, and Dimmer because temporary placement on suicide watch did not violate the due process clause of the Fourteenth Amendment or violate the Eighth Amendment; (2) Mineau failed to state a claim against Sheriff Todd Delain because his role as a supervisor at the jail, on its own, did not make him liable for the conduct of others; and (3) Mineau failed to state a claim against CO Abegglen and CO Ramirez because a short-term delay in providing water to an inmate is not cruel and unusual punishment. *Id*. at 6-8. The Court gave Mineau an opportunity to file an amended complaint based on some of the other allegations he made in the original complaint, such as an ant infestation in his cell, the lack of a toilet in his cell, and the lack of light and noise effectively

turning his cell into a "sensory deprivation" cell. *Id*. at 9-10. The Court instructed Mineau to explain in detail who he notified about those conditions-of-confinement and what each individual (or individuals) said or did to show deliberate indifference towards those conditions of confinement. *Id*. Mineau filed an amended complaint on June 8, 2021. Dkt. No. 8. This order screens the amended complaint.

It is not uncommon to see an inmate of a county jail or prison assert a claim that a guard violated his constitutional rights by failing to place the inmate on suicide watch before he harmed himself. *See, e.g.*, *Goodvine v. VandeWalle*, No. 16-C-890, 2018 WL 460121 (E.D. Wis. Jan. 17, 2018). Mineau's claim here is that mental health counselors at the Brown County Jail placed him on suicide watch even though there was no reason to do so. He alleges that on September 10, 2019, a mental health counselor, whose name is Atalie, asked about a text that Mineau had sent to his parole agent. *Id*. The text included instructions to send a power of attorney to the Menominee Tribe concerning tribal burial arrangements. *Id*. Mineau states that his aunt had recently died, so he "had no one handling [his] arrangements while being incarcerated." *Id*. Atalie then "declared" that Mineau would be placed on suicide watch. *Id*. at 4. Although Mineau states he tried to explain to Atalie that he was not suicidal, the transfer was not rescinded. It appears he remained in a "suicide watch cell" from September 10 through September 15, 2019.

Mineau alleges that the County is in violation of state law governing standards for county jails and suicide prevention, but a county's failure to comply with state laws or regulations does not state a claim under federal law or the U.S. Constitution. *See Kasper v. Bd. of Election Comm'rs of City of Chicago*, 814 F.2d 332, 342 (7th Cir. 1987) ("The district court has no supervisory powers and no authority to instruct the Board how to follow state law. A violation of state law does not state a claim under §1983."). Construing Mineau's amended complaint liberally,

2

however, he has also alleged that the conditions of the suicide cell he was held in fell below constitutional standards and that he was denied minimum necessities, including water for an unreasonable amount of time.

Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted), including adequate sanitation and personal hygiene items, *see Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007). Mineau alleges poor sanitation and hygiene alongside lack of heat and bedding. Conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have "a mutually enforcing effect that produces the deprivation of a single, identifiable human need." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995) (reversing dismissal of complaint alleging that plaintiff spent a week and a half in a cell without adequate heat, clothing, or bedding).

Mineau alleges that the condition of his suicide watch cell was "extreme." *Id*. He alleges that there was no running water, sink, or toilet in the cell. *Id*. at 4. There was only a hole in the floor, where inmates were supposed to urinate and defecate, that caused a foul smell. *Id*. There were no cleaning supplies or water to wash away urine that splashed on the floor, and the floor was sticky as a result. *Id*. The jail had a severe ant infestation. *Id*. There were large cracks in the floor of the suicide cells through which pests could get into the cells. *Id*. The blankets were only three foot by four foot and inadequate for warmth. *Id*. And rubber surrounded the walls and door of the suicide cell, resulting in noise deprivation. *Id*.

3

Complaints alleging similar conditions of confinement have been found sufficient to state a claim. In *Budd v. Motley*, for example, the Seventh Circuit reversed a district court order dismissing a complaint making similar allegations, explaining:

> To begin, we have held that Budd's allegations of unhygienic conditions, when combined with the jail's failure to provide detainees with a way to clean for themselves with running water or other supplies, state a claim for relief. *See Vinning–El*, 482 F.3d at 924-25 (reversing summary judgment where prisoner was held for six days without sanitation items in cell contaminated with human waste and in which sink and toilet did not work); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir.1989) (reversing summary judgment where prisoner was denied cleaning supplies and confined for three days to cell that was smeared with human waste and lacked running water). Moreover, the harm that Budd alleges is not merely speculative; he asserts that three doctors told him that unsanitary conditions caused his infection. He also alleges that the jail conditions traumatized him. Budd's exposure to psychological harm or a heightened risk of future injury from living in an infested jail is itself actionable. *See Thomas v. Illinois*, 697 F.3d 612, 615-16 (7th Cir. 2012) (admonishing district judges to treat psychological and probabilistic harm from infested prisons as seriously as realized physical harm).

711 F.3d 840, 843 (7th Cir. 2013). While the allegations of Mineau's amended complaint do not paint this dire a picture, I am unable to conclude that he has no claim. Mineau also alleges that for a period of more than 12 hours he was denied water and passed out from heat stroke.

Based on these allegations, Mineau has stated a constitutional claim though it is unclear who would be a proper defendant. Mineau alleges that Correctional Officers Abegglen and Ramirez refused his requests for water and so they will remain as defendants. He further alleges that the suicide watch cells are new and that Sheriff Delain, by virtue of his office and responsibility, must know of design and structural defects of the cells that have given rise to these conditions. This is sufficient for now, and since the County owns and operates the jail, it will remain a defendant as well.

The Court finds that the plaintiff may proceed with an unconstitutional conditions of confinement claim against Brown County, Sheriff Delain, and Correctional Officers Abegglen and

4

Ramirez based on his allegations concerning the conditions of the suicide cell he was held in between September 10 and September 15, 2021.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that copies of the amended complaint and this order be sent to the administrator of the Brown County Jail, as well as to the Brown County Sheriff, and the Brown County Corporation Counsel.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 9th day of August, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge